## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CENTAURUS INGLEWOOD, LP | § | |
| d/b/a Inglewood Village Apartments, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-10-4094 |
| | § | |
| LEXINGTON INSURANCE CO., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff's Motion to Remand [Doc. # 11], to which Defendant Lexington Insurance Company ("Lexington") has responded in opposition [Doc. # 12] and to which Defendants Cunningham Lindsey U.S., Inc. ("Cunningham") and Larry Couvillon, Robert Hovanec, John Owen Jay, Paul Odom ("Odom"), and Randal Ordner (collectively, the "Individual Defendants") have responded in opposition [Doc. # 13]. Plaintiff neither filed a Reply nor requested additional time to do so. Having considered the full record and the applicable legal authorities, the Court concludes that it lacks jurisdiction over this dispute and **grants** the Motion to Remand.

## I.    BACKGROUND

Plaintiff is a citizen of Texas, as are Defendants Cunningham, Odom and the

Individual Defendants, and Ted W. Allen & Associates, Inc ("Allen").[1]  Plaintiff was insured under an insurance policy issued by Lexington and sold to Plaintiff by Allen. After Plaintiff's property was damaged in September 2008 during Hurricane Ike, Plaintiff submitted to Lexington a claim under the insurance policy for the property damage.  Lexington assigned Cunningham to adjust Plaintiff's claim.  Cunningham assigned Odom to assist with the investigation and adjustment of Plaintiff's claim.

Plaintiff alleges that the Individual Defendants were employed by and working at the direction of Cunningham at the time the events giving rise to this lawsuit occurred.[2]  According to their affidavits, Paul Odom, Robert Hovanec, and John O. Jay were independent adjusters;[3] Randall Gray was the Vice President and South Central Regional Manager for Cunningham;[4] Randal Ordner was the manager of Cunningham's Houston office;[5] and Larry Couvillon was employed by Cunningham

---

[1] Defendant Allen does appear to have been served and has not entered an appearance in this case.  The Court does not rely on Allen's Texas citizenship in determining that remand is appropriate in this case.

[2] *See* Plaintiff's Original Petition [Doc. # 1-1] ("Original Petition"), at 3.

[3] *See* Affidavit of Paul E. Odom [Doc. # 13-1], ¶ 2; Affidavit of Robert Hovenec [Doc. # 13-3], ¶ 2; Affidavit of John O. Jay [Doc. # 13-4], ¶ 2

[4] *See* Affidavit of Randall Gray [Doc. # 13-2], ¶ 2

[5] *See* Affidavit of Randal Ordner [Doc. # 13-5], ¶ 2

as a Regional General Adjuster.[6]

Plaintiff filed suit in the 125th Judicial District Court of Harris County, Texas, alleging that Cunningham and the Individual Defendants violated provisions of the Texas Insurance Code by failing to adjust the claim properly and that Lexington failed to pay all amounts due under the insurance policy.[7]   Lexington filed a Notice of Removal [Doc. # 1], asserting that Cunningham, the Individual Defendants, and Allen, were improperly joined.  Plaintiff timely filed a Motion to Remand, which is now ripe for decision.

## II.   **ANALYSIS**

"'Federal courts are courts of limited jurisdiction.'"   *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"   *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377

---

[6]   *See* Affidavit of Larry Couvillon [Doc. # 13-6], ¶ 2.

[7]   Plaintiff alleges the following causes of action against Defendants:  Negligence, Breach of Contract, Breach of the Common-Law Duty of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Misrepresentation, Common Law Fraud as well as violations of the Texas Deceptive Trade Practice Act and Tie-in Statutes, and the Texas Insurance Code.  *See* Original Petition, at 8-17.

(citations omitted)).  The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)).

In its Notice of Removal, Lexington contends that this court has subject matter jurisdiction based on diversity of citizenship.[8]  Diversity jurisdiction requires complete diversity among the parties and an amount in controversy that exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Complete diversity requires that no plaintiff be a citizen of the same state as any defendant.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Removal is appropriate only if none of the parties properly joined is a citizen of the state in which the action was brought, here, Texas.  *See* 28 U.S.C. § 1441(b); *Lincoln Prop. Co.*, 546 U.S. at 89; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

Lexington asserts that Cunningham and the Individual Defendants were improperly joined and that, as a result, the Court should disregard their Texas

---

[8]      There is no argument that federal question jurisdiction is involved in this case.

citizenship for purposes of diversity jurisdiction.[9]  The Court addresses at this time

only defendants Cunningham and Odom because the record is more developed as to

these Defendants.   For the reasons set forth below, the Court concludes that

Cunningham and Odom were not improperly joined.  As a result, complete diversity

is lacking and remand is appropriate in this case.

A non-diverse defendant may be found to be improperly joined if either there

is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing

defendant demonstrates that plaintiff cannot establish a cause of action against the

non-diverse defendant.  *Kling Realty Co., Inc. v. Chevron USA,* Inc., 575 F.3d 510,

513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.

2007)).   There is no allegation of actual fraud in Plaintiff's pleading of the

jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated

that there is no possibility of recovery by the plaintiff against an in-state defendant,

which stated differently means that there is no reasonable basis for the district court

to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

(quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en*

---

[9]     Lexington also argues that Allen and the remaining individual defendants were
improperly joined.  The Court declines to decide these issues as moot.

*banc*)).  The party asserting improper joinder bears a heavy burden of persuasion.  *Id.* at 514.  The removing party's "showing must be such as compels the conclusion that the joinder is without right and made in bad faith."  *Chesapeake & O. R.. Co. v. Cockrell*, 232 U.S. 146, 152 (1914).  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."  *Gasch*, 491 F.3d at 281-82 (5th Cir. 2007). Generally, if the plaintiff's complaint could survive a Rule 12(b)(6) challenge, joinder is not improper.  *See Smallwood*, 385 F.3d at 573; *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005) ("A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand . . . .").

It is well-established and undisputed that Texas law allows a plaintiff to maintain a cause of action for unfair insurance settlement practices against individuals other than the insurer.  *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486-87 (Tex. 1998); *see also* TEX. INS. CODE § 541.141 (permitting a private cause of action against "another person" who commits enumerated act or practice and including "adjuster" under the definition of "person").  The United States Court of Appeals for the Fifth Circuit has held that an adjuster can be found liable under the Texas Insurance Code.  *See Gasch*, 491 F.3d at 282.

Defendants argue that Plaintiff cannot maintain a cause of action under Texas

law against Cunningham or Odom because they are independent adjusters in that Cunningham was hired exclusively by the insurance carrier, here, Lexington. Cunningham assigned Odom to adjust Plaintiff's claim.  Defendants rely heavily on *Crocker v. Am. Nat. Gen. Ins. Co.*, 211 S.W.3d 928, 937-38 (Tex. App.–Dallas 2007), which held that an independent adjuster cannot be liable to the insured in the absence of a contractual relationship between the insured and the adjuster.  Close analysis of the precedent relied on by the Dallas court reveals that this holding does not represent authoritative Texas law.  *Croker* relied simply on another Dallas court of appeals decision, *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 917 (Tex. App.–Dallas 1997, writ denied), *disaproved on other grounds by Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122-23 (Tex. 2001), which held that an independent adjusting firm cannot be liable to an insured for "improper investigation and settlement advice, regardless of whether [the plaintiff] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claims."  *Dear* purported to rely on *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695 (Tex. 1994), to support this holding.  *Natividad* does not support the court's broad holding in *Dear*.  As the Fifth Circuit pointed out, the Texas Supreme Court's decision in *Natividad* held only that an independent adjuster cannot be held liable for the common law claim of breach of the duty of good faith and fair dealing.  *See Gasch*, 491 F.3d at 282-83.  The Fifth Circuit, also relying on

an earlier Texas Supreme Court decision *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998), made clear that the holding of *Natividad* does not bar claims under the Texas Insurance Code. *See id.* at 283 (holding that an extension of *Natividad* to Texas Insurance Code claims is "clearly precluded by *Garrison*."). The Court finds unpersuasive Defendants' argument that Plaintiff cannot state valid claims under the Texas Insurance Code against Cunningham or Odom merely because they are independent adjusters.[10]

In its Original Petition, Plaintiff alleges, *inter alia*, that Cunningham and the adjusters collectively "failed to properly inspect the Property and their related damages, failed to properly request information, failed to properly investigate the claims, failed to respond to requests for information from Plaintiff, failed to timely evaluate the claims, failed to timely estimate the claims, and failed to timely and properly report to Lexington and make recommendations to Lexington with regard to Plaintiff's claims."[11]  Plaintiff asserts that this conduct, *inter alia*, violated Article

---

[10]     Defendants also cite *Gatehouse Apartments, LLC v. Lexington Ins. Co.*, No. 4:10-cv-0168, *Colony Manor Apartments, LLC v. Lexington Ins. Co.*, No. 4:10-cv-0019, *Multi-Family Baker, LLC v. Lexington Ins. Co.*, No. 3:10-cv-0108, *Centaurus GF Cove, LLC v. Lexington Ins. Co.*, No. 10-cv-0836, and *Centaurus Shenandoah LP v. Lexington Ins. Co.*, No. 10-cv-0708.  These cases are factually distinguishable from this case because Plaintiff's allegations here are a little more specific, or Plaintiff does not voluntarily dismiss its claims.  To the extent there are similarities, the Court declines to adopt the reasoning in those decisions.

[11]     Original Petition, ¶ 21.  Plaintiff also alleges that the adjusters collectively failed and refused to respond to Plaintiff's inquiries about the status of her claim; that Lexington,

21.21 of the Texas Insurance Code.  Although there is a question whether Robert Hovanec and John O. Jay in fact played any role in the adjustment of Plaintiff's claim,[12] it is undisputed that Odom and Cunningham were involved in this activity. Paul Odom was assigned by Cunningham to adjust Plaintiff's claim, and apparently did so.[13]  The facts of this case are similar to *CD Mgmt. Corp. v. Nationwide Prop. & Cas. Ins. Co.*, No. H-09-1701 (S.D. Tex. July 28, 2009), and *Lindsey-Duggan, LLC v. Philadelphia Ins. Cos.*, No. SA-08-CA-736-FB, 2008 WL 5686084, at *2-3 (W.D. Tex. Dec. 15, 2008), in which the courts held that plaintiffs could maintain a cause of action under Texas law against in-state independent adjusters and thus granted plaintiffs' motions to remand.

Defendants have not demonstrated that there is no possibility that Plaintiff could prevail on her Texas Insurance Code claims based on these factual allegations. As a result, Defendants have not carried their burden to establish that Cunningham or Odom were improperly joined.  Because Plaintiff, Cunningham, and Odom all are

---

Cunningham, and the adjusters collectively failed to explain the reasons for not offering adequate compensation; and that Defendants collectively have failed to affirm or deny coverage within a reasonable time.  *See id.* ¶¶ 22-24

[12]   *See* Affidavit of Robert Hovanec [Doc. # 13-3], ¶ 2; Affidavit of John O. Jay [Doc. # 13-4], ¶ 2.

[13]   *See* Affidavit of Paul E. Odom [Doc. # 13-1], ¶ 2.  In its Motion to Remand, Plaintiff identifies Cunningham and Paul Odom as the adjusters who traveled to the property site to investigate.  *See* Motion to Remand [Doc. # 11], at 3.

Texas citizens, complete diversity of citizenship is absent and this Court lacks subject matter jurisdiction over this dispute.

## III.   <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, the Court concludes that Defendants have failed to satisfy their heavy burden to establish that Cunningham and Odom were improperly joined as defendants in this case.  Consequently, the Court lacks subject matter jurisdiction and the action must be remanded to the 125th Judicial District Court of Harris County, Texas.  It is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 8] is **GRANTED** and this case is remanded to the **125th Judicial District Court of Harris County, Texas**, for lack of subject matter jurisdiction.  The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this 9th day of **February, 2011**.

Nancy F. Atlas
United States District Judge